

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Burton G. Hackney
County Attorney, Terry County
Brownfield, Texas

Dear Sir:

Opinion No. O-1157
Re: Can a rural high school district
newly formed by grouping hold an elec-
tion to raise the tax rate in one of
the districts comprising the group?

We have your letter of July 20, stating that you sent
us a brief on some school questions about the 20th of May. We
also have your telegram of August 2 stating that you mailed us
a copy of the brief July 21. We have not received either copy
of the brief you mailed us. However, as you state that it is
very important to the affected districts to have our opinion
on the questions presented in your letter before the beginning
of the next school year we are taking them up herein without
awaiting further the briefs you mailed us.

The questions presented in your letter are as follows:

"1. If an election is held for the purpose of grouping
and each district votes to group for the purpose of high
school, can another election then be held to raise the rate
in the Pool district to one dollar? Bearing in mind that
the Pool district has had an election for that purpose in
April----Does it come under the Statute of holding an
election for that purpose more than once in one year?

"2. If such an election can be held, to raise the rate
after they are grouped, will the entire new district, towit,
Pool and the Meadow district both be eligible to vote in
said election, or will only the Pool district be eligible
to vote at such election."

We are assuming that the scholastic population of the
districts affected come within the brackets set out in Article
2922(a), Vernon's Annotated Civil Statutes. We are also assuming
that there is no outstanding bonded indebtedness in any of the
affected districts.

Our answer to your first question is that unless the rural high school district formed by grouping the Pool Common School District with the Meadow Rural High School District contains an area greater than one hundred square miles, thus bringing it under the purview of Article 2922(c) Vernon's Annotated Civil Statutes, providing for elections in rural high school districts of this area, no election can properly be held to group the districts aforesaid inasmuch as Article 2922(a), Vernon's Annotated Civil Statutes, among other things provides as follows:

> "In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools . . ."

This statute vests authority to group contiguous school districts in the population brackets set out therein in the county school trustees except where the area of the rural high school districts would be greater than one hundred square miles, in which case Article 2922(c), Vernon's Annotated Civil Statutes applies and an election must be held.

In the event the districts are grouped either by order of the county school trustees or by an election as set out in Article 2922(c) as aforesaid, if the districts created should contain an area of more than one hundred square miles, an election could be held under authority of Article 2922(1) to levy a uniform tax over the rural high school district as a whole, at which election the qualified tax paying voters of such district shall vote as provided for in said article.

The fact that the Pool District held an election attempting to raise the rate to $1. in April and said election failed would have no bearing on an election held over the district as a whole to levy a uniform tax over said district as the rural high school district formed by grouping the Pool Common School District with the previously formed Meadow Rural High School District would comprise an entirely new legal entity. Of course, in the election held the qualified tax paying voters of the newly formed district as a whole would vote and the purpose of said election would be to levy a uniform rate over the district as a whole, not to raise the rate in the Pool District.

Honorable Burton G. Hackney, Page 3


Trusting that the above satisfactorily answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By E. R. Simmons
ASSISTANT

ERS:AMM

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

Approved
James P. Hart

APPROVED AUG 11, 1939

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS